346 So.2d 150 (1977)
John Arnold BOSTWICK, Jr., Appellant,
v.
Roseland Juliann BOSTWICK, Appellee.
No. FF-234.
District Court of Appeal of Florida, First District.
June 1, 1977.
*151 Richard E. Benton, Smith, Young & Blue, Tallahassee, for appellant.
Samantha D. Boge, Judelle & Boge, Tallahassee, for appellee.
BOYER, Chief Judge.
In a dissolution proceeding initiated by appellee (the wife), appellant filed an answer in which he admitted that he was the father of the parties' minor child. Some three days prior to the scheduled final hearing, appellant applied for a continuance and moved to amend his response to reflect that he was not the father of the minor child of the parties. The trial court granted the motion for a continuance but denied the motion to amend. The sole issue involved in this interlocutory appeal is whether the trial court abused its discretion by denying appellant leave to amend.
At the hearing held on appellant's motions, counsel for appellant informed the court that at the birth of the child, the blood type of parents and child were examined because of a potential Rh factor problem. The results indicated that the wife's blood type was O-Negative the husband's was O-Positive, and the child's was A-Positive. Sometime after the birth of the child during a domestic quarrel, appellee informed appellant that he was not the father of the child. Appellant's attorney claimed that appellant did not raise the issue of the child's paternity at an earlier time because he was hopeful of reconciliation and, further, did not become aware of the significance of the blood test until shortly before filing the motion for leave to amend.
Under the rules of civil procedure and under the case law, leave to amend pleadings should be given freely when justice so requires. See Fla.R.Civ.P. 1.190; Walter v. Senn, 340 So.2d 975 (Fla. 1st DCA 1976). It is clear that appellant's proposed amended response alleges a valid defense. A man has no legal duty to provide support for a minor child which is neither his natural nor adopted child and for whose care and support he has not contracted. Taylor v. Taylor, 279 So.2d 364 (Fla. 4th DCA 1973). We make no ruling at this time on whether appellant has established that he is not the father of the child. Indeed, appellant's burden will be great given the strong, albeit rebuttable, presumption of legitimacy. See Blitch v. Blitch, 341 So.2d 251 (Fla. 1st DCA 1976). In this appeal, we limit ourselves to the question of whether appellant should be allowed to raise that defense at all.
In light of the liberal policy of amendment of pleadings and the lack of *152 prejudice to appellee, we hold that the failure of the trial court to grant the motion for leave to amend was erroneous. Because of the statement by appellee to appellant that he was not the father of the child, appellee cannot be said to have been surprised by the matters contained in the amended response. Nor could appellee have been prejudiced by the granting of the motion for leave to amend because the continuance granted by the trial court gave appellee time to prepare her reply and develop evidence in opposition to the matter contained in the amended response. We are not unaware of the potential harm to the minor child which might result from this lawsuit, but that harm, substantial though it may be, does not vitiate the husband's right to plead a valid defense.
Accordingly, that portion of the order appealed herein is reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McCORD and MILLS, JJ., concur.