## Karen Venuti *v.* Joseph E. Venuti, Jr.

Superior Court    Judicial District of    File No. 29465
Middlesex

Memorandum filed October 26, 1979

*Shaw & Howard,* for the plaintiff.

*A. Robert Gordon,* for the defendant.

*Halloran, Sage, Phelon & Hagarty,* for Gary Penfield.

Raymond E. Baldwin, State Referee. This action for the dissolution of a marriage involves the questions of child custody, alimony and the division of the real and personal property of the defendant. The writ, summons and complaint were served on the defendant on December 28, 1978. Thereafter, on December 28, 1978, a lis pendens was filed against the defendant's property with the town clerk of Durham. The writ, summons and complaint were duly returned to court prior to the January 16, 1979 return day.

After a number of motions were heard by the court, the pleadings were closed and the action was referred to this state referee. Hearings were held beginning on May 30, 1979. During an adjournment, and while the parties and their counsel were

engaged in extensive negotiations for a property settlement, the defendant, on June 9, 1979, was allegedly involved in an automobile collision.

Gary Penfield claims to have been injured seriously in that automobile collision. He secured counsel, instituted suit against the defendant and attached the defendant's property. Counsel for Penfield filed a motion to enter an appearance in the present action. That motion was dismissed. See Practice Book, 1978, §§ 64a and 64b. Counsel for Penfield then filed a motion to be made a party to the present action, which motion is the subject of this memorandum. Counsel for Penfield based his motion on General Statutes § 52-325, entitled "Lis pendens." He relies upon the closing sentence of that section which reads as follows: "This section shall be construed to apply to mechanics' liens and all other inchoate liens, certificates of which are recorded subsequent to the recording of the notice of the pendency of the action; and, in suits to foreclose mortgages or other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered."

Section 52-325 provides for the filing of a lis pendens and its effect. The sentence upon which counsel for Penfield relies makes § 52-325 applicable to mechanics' and all inchoate liens for which certificates may have been recorded subsequent to the lis pendens. The sentence relied upon goes on to say, in effect, that if there is a suit to foreclose a mortgage or other lien, the parties whose conveyances or encumbrances as to the property being foreclosed were subsequently executed or recorded must apply to the court in which the foreclosure action

is pending to be made parties to the action. If they do not so apply, their liens are forfeited. In short, this sentence gives to a lienor the right to be made a party to a foreclosure action in which a prior lis pendens has been filed. General Statutes § 52-104 provides for the joinder of plaintiffs in a single action "in respect to or arising out of the same transaction or series of transactions . . . ." The statute cautions, however, that if such joinder might embarrass or delay the trial, the court may order separate trials. The two causes of action involved here do not arise out of a single transaction or series of transactions. General Statutes § 52-107 provides for joining additional parties "if it [the court] can do so without prejudice to the rights of others . . . ." This statute is broad in its terms. In none of the cases cited under it, however, is there a situation even remotely akin to the facts of the present case.[1]

This action for dissolution of a marriage is not an action to foreclose a mortgage or other lien on property. It is an action to dissolve a marriage contract and will affect the parties' children and their rights as well as the property interests of the parties themselves. It is an action for the dissolution of a contract in which the state has a peculiar interest, unlike its interest in any other contract. See Casale v. Casale, 138 Conn. 490, 492; Allen v. Allen, 73 Conn. 54, 55. The action for dissolution of a marriage is a special and peculiar proceeding. It is not akin to an action for the breach of an ordinary contract, for the foreclosure of a mortgage, or for the recovery of damages in tort for a wrong done the plaintiff. It is in the interest of the state, the parties, and especially the children that this action for the dissolution of a marriage be disposed of with expedition. If Penfield is made

---

[1] See General Statutes § 52-97; Miles v. Strong, 60 Conn. 393, 399.

a party to this action, the final disposition of the case and the distribution of the property involved could be delayed indefinitely. The rights of the respective parties, particularly those of the children, who in this case are represented by counsel, would be seriously affected.

The statutes hereinbefore discussed must be considered in light of the rules made by the court for the guidance of litigants, counsel and judges. Penfield's motion is subject to § 133 of the 1978 Practice Book which defines seven different classes of actions and which requires that causes of action joined in one proceeding shall belong to one of those classes. An action for the dissolution of a marriage joined with a tort action for damages falls within none of those classes.

Accordingly, the motion to be made a party to the present action is denied.