415 So.2d 818 (1982)
Gregory W. ALBERT, Appellant,
v.
Kelly Marie ALBERT, Appellee.
No. 81-1642.
District Court of Appeal of Florida, Second District.
June 18, 1982.
*819 William J. Terry, P.A., Tampa, for appellant.
Prince J. McIntosh of Bay Area Legal Services, Inc., Tampa, for appellee.
SCHOONOVER, Judge.
This is an appeal from a final judgment of dissolution of marriage holding that the appellant, Gregory W. Albert, had an obligation to support a child born during wedlock even though all parties agreed the child was not his. We reverse.
The appellant married the appellee, Kelly Marie Albert, on June 19, 1979. At the time of the marriage, Mrs. Albert was seven months pregnant with the child of another man. The minor child, Gregory W. Albert, Jr., was born on July 25, 1979. The appellant signed the application for the child's birth certificate. The parties separated on December 30, 1980.
The appellant, petitioner in the trial court, alleged in his petition that the child was born during the marriage but denied that he was the natural father. The appellee's counter-petition also alleged that the appellant was not the natural father but sought child support because the appellant had agreed to assume permanent responsibility for the care and support of the child. This allegation was denied by the appellant.
During the trial, both parties testified that the appellant was not the natural father of the child and that the appellant had orally agreed to take care of the child as if it were his own.
At the conclusion of the trial, the court found that since there was no prayer in the husband's petition for dissolution of marriage requesting a finding of nonpaternity, the question of paternity was not properly before the court. The court further found that the appellant had a duty of support to the child.
Since the obligation of support is based upon parentage or contract, and there was no contract proven in this case, the court, by necessity, ruled on the question of paternity or it could not have ordered the appellant to pay support. Taylor v. Taylor, 279 So.2d 364 (Fla. 4th DCA 1973).
The appellee contends that since the appellant agreed to accept the responsibility of the child and treat it as his own, he should be responsible for support. Similar statements were made by the husband in the Taylor case, but the Fourth District Court of Appeal in that case held at page 366:

*820 Appellee had not contracted, either expressly or impliedly, to care for and support said child as his own beyond that period of time that he stood in loco parentis to the child by virtue of the marriage relationship to the child's mother.
We agree that one who stands in loco parentis to a child has an obligation of support. However, the dissolution of the marriage terminated any relationship of in loco parentis between the appellant and the child and accordingly terminated the obligation of support. Taylor v. Taylor.
The appellant contends that the trial court erred in finding that he had a duty of support when both parties agreed that the husband was not the biological father of the minor child. We agree with this contention. A child born during wedlock is presumed legitimate, and this court has held that this presumption is one of the strongest rebuttable presumptions known in the law. Sanders v. Yancey, 122 So.2d 202 (Fla.2d DCA 1960). However, when all parties to the action agreed upon the identity of the natural father and that the appellant was not the natural father, this presumption was overcome.
We hold that a person has no legal duty to provide support for a minor child who is neither his natural nor his adopted child and for whose care and support he has not contracted. Taylor v. Taylor; Bostwick v. Bostwick, 346 So.2d 150 (Fla. 1st DCA 1977).
The appellee contends that the appellant should be estopped from denying parentage because he signed the birth certificate application. The doctrine of equitable estoppel may be applicable in some cases, e.g., Gursky v. Gursky, 39 Misc.2d 1083, 242 N.Y.S.2d 406 (N.Y. Sup. Ct. 1963), and Gossett v. Ullendorf, 114 Fla. 159, 154 So. 177 (Fla. 1934). However, the doctrine is not applicable when the only misrepresentation relied upon is that given in an original birth certificate application, and there is no additional evidence that a misrepresentation of parentage was made to a spouse or child who relied upon it to his or her detriment. Gossett v. Ullendorf; Clevenger v. Clevenger, 189 Cal. App.2d 658, 11 Cal. Rptr. 707, 90 A.L.R.2d 569 (Cal. App. 1st Dist. 1961); Taylor v. Taylor, 58 Wash.2d 51, 364 P.2d 444 (1961). Cf. Marshall v. Marshall, 386 So.2d 11 (Fla. 5th DCA 1980).
We accordingly reverse and remand for further proceedings consistent herewith.
HOBSON, A.C.J., and RYDER, J., concur.