491 So.2d 1304 (1986)
Vickie HIPPEN, Appellant,
v.
Bruce HIPPEN, Appellee.
No. BL-223.
District Court of Appeal of Florida, First District.
August 5, 1986.
David B. Lee, Jr., Orange Park, for appellant.
Alan C. Jensen, Jacksonville, for appellee.
*1305 MILLS, Judge.
This case comes to us on appeal from an order denying appellant Vickie Hippen's motion for reconsideration and modification of the final judgment of dissolution of marriage. She alleges that the husband impliedly contracted to support her minor children after the dissolution of their marriage by virtue of his having claimed the children as dependents and by his having received the benefits of claiming them as dependents. We are unconvinced and affirm.
Appellant Vickie Hippen and appellee Bruce Hippen were married for approximately 11 years. For 10 of those 11 years, the husband was on active duty with the U.S. Navy and was stationed in Spain. During that time, the wife had two children, both of whom were fathered by a Spanish national with whom the wife had been having an affair.
Although the husband knew that he was not the natural father of the children, he nevertheless treated them as his own and provided them with the benefit of his name and with the benefits afforded military dependents. For his part he received an increased Navy housing allowance and was able to take a deduction for income tax purposes by claiming the children as dependents.
Soon after the couple returned to the United States, the wife filed for divorce. Final judgment on the petition was entered on 16 October 1984. The final judgment acknowledged that the two children were not the natural children of Bruce Hippen and that he owed them no duty of child support. It was not until the Navy revoked the children's military identification cards that the wife brought an action for modification of the divorce settlement. The trial court denied her motion and this appeal follows.
It is well settled that a person has no legal duty to provide support for a minor child who is neither his natural nor adopted child and for whose care and support he has not contracted. Albert v. Albert, 415 So.2d 818 (Fla. 2d DCA 1982); Lynn v. Lynn, 358 So.2d 908 (Fla. 1st DCA 1978); Bostwick v. Bostwick, 346 So.2d 150 (Fla. 1st DCA 1977). It is appellant's argument that Bruce Hippen impliedly contracted to support the children when he signed various documents claiming the children as his own. She cites Marshall v. Marshall, 386 So.2d 11 (Fla. 5th DCA 1980), in support of her proposition.
Assuming arguendo that the husband had contracted to support the children, he stood in loco parentis at that time. The relationship of in loco parentis between the husband and the children was terminated by the dissolution of the marriage and, hence, so was his obligation of support. Indeed, this was the holding in Taylor v. Taylor, 279 So.2d 364 (Fla. 4th DCA 1973), the case we find most controlling.
Appellant has also argued that the husband was unjustly enriched by virtue of receiving tax benefits and an increased Navy housing allowance. This argument is without merit in light of the fact that Vickie and her children shared in these benefits as well as the many other tangible and intangible benefits of the marriage.
Similarly, the appellant's argument that the husband should have to provide child support after having participated in fraud on the federal government is without merit. There has been no finding of fraud in this case and there is no showing that the husband could not properly claim the children as dependents for both tax and housing allowance purposes as long as the children were in fact his dependents. The same is true of his having obtained military identification cards for the children.
In light of these factors, the order of the trial court denying appellant's motion for reconsideration and modification of the final judgment of dissolution of marriage will be affirmed.
WIGGINTON and NIMMONS, JJ., concur.