561 So.2d 445 (1990)
Janet ERWIN, Appellant,
v.
Patrick EVERARD, Appellee.
No. 89-871.
District Court of Appeal of Florida, Fifth District.
May 17, 1990.
Frederick E. Landt, III, Robert E. Appleget and Eugene A. Wiechens of Landt, Appleget & Wiechens, Ocala, for appellant.
John B. Fuller of Savage, Krim, Simons, Fuller & Ackerman, P.A., Ocala, and William A. DeCarlis, P.A., Gainesville, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment which determines that appellee is the natural, biological father of appellant's child but that appellee is not required to support the child. We reverse.
Every parent has the legal duty to support his or her child. A person who is not the parent of a child has no legal duty to support the child. The child here was born of appellant and appellee while appellant was married to another. Because of that circumstance and because appellant's husband has cared for the child like a parent the trial judge ruled "... the Plaintiff is barred by the principle of equitable estoppel from contesting the paternity of the minor child ..."
*446 We strongly disagree with the principle adopted by the trial court that a mother can cause her child to lose her natural legal father by some misconduct on the part of the mother. Such a ruling is inequitable to the child and there is no precedence for it or logic to support it.
An inevitable consequence of the judge's ruling, the husband of the mother is left to be the legal father or there is no father at all. The first is not lawful because that man was never made a party to the suit, the evidence is unrebutted that he is not the father, as the court so found. The second is, of course, impossible.
The judgment is reversed and this cause remanded for entry of a proper judgment and a determination of support money, suit money and all other attendant matters.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.