567 So.2d 1058 (1990)
Johnny SWAIN, Appellant,
v.
Deborah SWAIN, Appellee.
No. 90-640.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
Evelyn Davis Golden of Perry, Lamb, Cato & Golden, Orlando, for appellant.
Ronald R. Findell, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a marriage dissolution judgment.
Both parties agree and the trial court found that appellant is not the father of the child the court ordered appellant to support. It is conceded by all that the child was born five years before the marriage of these parties and was fathered by another man. Yet the court ordered appellant to support the child because "he has become the `psychological father of the child.'" There is no such thing recognized in law. Only natural and adoptive parents have a legal duty to support minor children. See, e.g., Erwin v. Everard, 561 So.2d 445 (Fla. 5th DCA 1990); Albert v. Albert, 415 So.2d 818 (Fla. 2d DCA 1982), rev. den., 424 So.2d 760 (Fla. 1983); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Bostwick v. Bostwick, 346 So.2d 150 (Fla. 1st DCA 1977). The only small exception to this basic rule is the duty of a person to provide for children with whom he or she stands in loco parentis.
Those portions of the judgment requiring appellant to pay support and expenses for the child and giving appellant visitation and other rights regarding the child are reversed. Because appellant has not provided a transcript for our review we cannot find any other alleged error in the record.
AFFIRMED in part; REVERSED in part and REMANDED for entry of an amended judgment to conform hereto.
*1059 GOSHORN, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, dissenting.
There is no transcript of the dissolution hearing in the record on appeal. We are therefore limited to the trial judge's findings in the final judgment, which both parties stipulated were "relevant" for purposes of this appeal.
Although Johnny Swain is not the biological father of Britt Swain, born in 1973, the trial judge imposed on Johnny parental responsibilities for Britt's support because of Johnny's conduct:
The court bases this finding upon evidence presented at trial [that] the Husband is the only "father" that the minor child has ever known, that the Husband has acted as the father towards the minor child since 1976 through his constant support and care of the minor child, that the minor child was not aware until recently of the identity of the probable biological father, that the minor child has never received support nor had any contact with the probable biological father, and that the Wife was persuaded to drop a paternity suit against the probable biological father many years ago based upon the Husband's statements to the Wife that he would raise the minor child as if she were his own natural child.
The trial judge relied upon Wade v. Wade, 536 So.2d 1158 (Fla. 1st DCA 1988), which, I think, is on point. In Wade a husband was required to support a child in a dissolution of marriage case, because he had represented to the child and others (government agencies, friends, neighbors, etc.) that he was the child's father, and he also had persuaded the wife and mother to give up a paternity and support suit against the presumed biological father.
Since the trial judge here heard the testimony (not brought to us for review) and since he affirmatively found estoppel, this is, if anything, a stronger case than Wade for the imposition of child support obligations on a non-biological father. A finding of estoppel based on facts established at a non-jury trial, played no part in Erwin v. Everard, 561 So.2d 445 (Fla. 5th DCA 1990); Albert v. Albert, 415 So.2d 818 (Fla. 2d DCA 1982), rev. denied, 424 So.2d 760 (Fla. 1983); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); or, Bostwick v. Bostwick, 346 So.2d 150 (Fla. 1st DCA 1977)  the authorities relied upon by the majority. I suggest that none of the above provide a valid basis to reverse this case.