PARKER, Judge.
The State of Florida, Department of Health and Rehabilitative Services (DHRS) and Rosita Lobenstein appeal the order of the trial court which denied a petition for support filed pursuant to the Uniform Reciprocal Enforcement of Support Act (URE-SA). We reverse and remand for an evi-dentiary hearing concerning the issue of support for the children.
The parties were divorced in Georgia in 1983. The settlement agreement, which was incorporated into the final judgment, provided that the father would have custody of the children and would be responsible for the support and medical needs of the children. In 1991 the State of Arizona, Department of Economic Security filed a petition on behalf of Rosita Lobenstein against David Wayne Harnois for the support of his two minor children under URE-SA. The petition requested the court to enter an order for current support, for payment of $1,404.64 in unreimbursed public assistance, and for medical insurance coverage. The verified petition stated that the mother has had actual custody of the children since the time of the divorce. The petition was forwarded to the State of Florida, where Harnois resides, for processing under URESA. The judge in this URESA proceeding denied the petition because the father had legal custody of the children.
A petitioner is not required to have legal custody in order to institute a URESA proceeding. Sudduth v. Scott, 394 So.2d 536 (Fla. 4th DCA 1981) (grandmother, who had actual custody of depen *150 dent with the parents’ knowledge and consent, had standing to petition for support under URESA). See also Saask v. Yandell, 702 P.2d 1327 (Alaska 1985) (stepfather, who had actual custody but never acquired legal 'custody, could initiate URE-SA proceeding); Cobbe v. Cobbe, 163 A.2d 333 (D.C.1960) (wife, who had actual custody of children, could file URESA petition against husband who had legal custody); McMullen v. Muir, 34 Ohio App.3d 241, 517 N.E.2d 1381 (Ct.App.1986) (grandmother, who supported and had custody of child with consent of parents, had standing to sue for support). These cases demonstrate that a person with physical custody of a dependent may institute a URESA proceeding against the person who has the duty of support, even if the respondent has legal custody. Thus, the trial court erred in denying the petition.
Reversed and remanded with directions to the trial court to conduct an evidentiary hearing for the proper consideration of this action pursuant to URESA.
THREADGILL, A.C.J., and BLUE, J., concur.