MICKLE, Judge.
Appellant seeks review of his conviction and sentence for the offenses of lewd and lascivious assault and battery perpetrated on his stepdaughter. As appellant’s first point on appeal, he asserts that the trial court erred in ruling inadmissible letters written by his stepdaughter to male classmates at school. We find no merit to this contention. The trial court was eminently correct in excluding the letters under Section 90.403, Florida Statutes (1991).
Next, appellant contests that portion of the probation order requiring him to support his two stepdaughters. We agree that this condition of probation was erroneously imposed. Although Section 948.03(l)(f), Florida Statutes (1989), authorizes as a permissible condition of probation that a probationer support his legal dependents, no legal duty exists in Florida to provide support for a minor child who is not natural or adopted, and for whom care and support has not been contracted. Hippen v. Hippen, 491 So.2d 1304 (Fla. 1st DCA 1986). In the instant case, no evidence was presented to establish that appellant was under any legal obligation to support his two stepdaughters. Accordingly, this condition of the probation order is stricken. In all other respects, the judgment, sentence and probation order are AFFIRMED.
SMITH and BARFIELD, JJ., concur.