PER CURIAM.
In this appeal from an order modifying child support retroactively, the Department of Revenue, on behalf of the custodial parent, the mother, challenges a final judgment which, on its face, appears fundamentally erroneous. We agree that it is so and reverse. See In re Guardianship of Read, 555 So.2d 869 (Fla. 2d DCA 1989).
The father petitioned the trial court to modify his child support payments because the father believed the elder daughter was emancipated before eighteen years of age. A child support hearing officer held an eviden-tiary hearing and issued his report outlining the evidence taken at the hearing and concluded that he could not determine a date of emancipation.[1] The trial court accepted the hearing officer’s report, including the inability to determine the date of emancipation, and granted the father’s petition to modify the support obligation allowing the father twenty-one months’ credit for support for the elder daughter. The effect of this order was a finding that the elder daughter had become emancipated twenty-one months before her eighteenth birthday. Thus, on the one hand, the hearing officer, as fact-finder, could not find sufficient facts to determine a date of emancipation; yet, on the other hand, a date of emancipation was set by the trial court without further evidence being received.
We reverse the final judgment and remand for further proceedings. The trial court may either amend its final order to show upon what substantial competent evidence its granting of the modification petition is based or take further evidence to support a finding that either the daughter was or was not emancipated before her eighteenth birthday. The father’s support obligation will terminate only upon an emancipation date based on substantial competent evidence, when the *1126 daughter turns eighteen, becomes self-supporting, or dies, whichever comes first.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON and FULMER, JJ., concur.

. The hearing officer’s findings were: J. (Ae daughter) turned 18 on September 12, 1994; J. testified she had run away approximately 10 to 12 times since 1992; J. has been at W.T. Edwards (juvenile home) approximately 6 times; J. was in a half-way house for approximately 6 to 8 monAs in 1992; J. testified she always returned to her moAer’s house; J. has not been a full-time student in high school since December 1991; J. was currently residing wiA her moAer; J. testified she has never been able to support herself; J. testified she has never held a full-time job; Ae court "is unable to determine the exact date when J. emancipated."