[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for foreclosure of a judgment lien commenced on August 27, 1994 by service of process upon the named defendant. The first named defendant has been defaulted. The plaintiffs and the defendant Mary Patricia Winer have filed a joint statement of material facts. That statement sets forth the following:
On February 19, 1992, a judgment was obtained by the plaintiffs against the defendant Harold Winer in the amount of Twenty-five Thousand Two Hundred Fifty ($22,250) Dollars. That judgment remaining wholly unsatisfied, the plaintiffs filed a certificate of judgment lien in the office of the Town Clerk of Fairfield on March 3, 1992, as corrected by a certificate of judgment lien dated May 12, 1992, upon property owned by the defendant Harold Winer known as 222 Jackman Avenue a/k/a 230 Jackman Avenue. The property on Jackman Avenue is presently occupied by the defendant Mary Patricia Winer.
The defendant Mary Patricia Winer claims an interest in the subject property pursuant to a judgment of dissolution of marriage entered on December 31, 1986.
The court has taken judicial notice of the action entitledMary Patricia Winer v. Harold T. Winer, docket number 30192 returnable to the Superior Court at Stamford, commenced October 5, 1976. On February 4, 1978, the matter was referred to the Honorable Herbert S. MacDonald, State Trial Referee for trial. On April 21, 1978, Judge MacDonald entered a judgment of dissolution. All matters pertaining to alimony, disposition of property and other financial considerations were to be presented and determined at a later date. CT Page 5284-NN
Judge MacDonald also acted upon a motion to terminate lis pendens and terminated Mary Patricia Winer's lis pendens as of April 29, 1981. This lis pendens was dated March 27, 1977 and recorded at volume 627, page 597 of the Fairfield Land Records. The order terminating the lis pendens was never filed in the Fairfield Land Records. A subsequent lis pendens was filed by the defendant Mary Patricia Winer on November 4, 1981 and recorded in volume 687, page 1078 of the Fairfield Land Records.
On July 1, 1983, the action of Mary Patricia Winer v. HaroldT. Winer was transferred to the Superior Court for the Judicial District of Fairfield and assigned docket number FA76 0211022. On December 31, 1986, Judge Harrigan entered further judgment in this matter. In that judgment, Judge Harrigan ordered that the real estate at 222 Jackman Avenue in Fairfield be sold. He ordered that the defendant, Mr. Winer, place the property upon the market for sale no sooner than April 1, 1987 and no later than April 30, 1987. From the proceeds of sale, the plaintiff, Ms. Winer, was to receive $350,000. Ms. Winer was also granted an allowance to prosecute in an amount of $7,012 payable from the proceeds of sale. Any remaining proceeds after payment of the defendant's attorney's fees were also to be paid over to Ms. Winer. She was guaranteed the sum of $350,000 from the proceeds of sale after payment of closing adjustments, real estate commission, reimbursement to the defendant for repairs made for sale, and if the proceeds of sale were insufficient, the defendant was to make up the difference should the guaranteed proceeds of $350,000 not be realized from the sale.
The following encumbrances of record are senior and prior in right to the plaintiff's judgment lien:
1. Town of Fairfield real estate tax liens as follows: 1989 $2,830.00; 1990 $6,039.62; 1991 $6,302.21; 1992 $6,417.09; 1993 $5,651.65;
2. Sewer Assessment $1,505.98;
3. Water use: 1991 $533.20; 1992 $440.00; 1993 July Installment $52.50;
4. Mortgage in favor of Sadie Winer Friedman in the original amount of $20,000 dated October 14, 1958 and recorded November 12, 1958; CT Page 5284-OO
5. March 7, 1977, lis pendens filed by the defendant Mary Patricia Winer;
6. Judgement in favor of Chan's Palace Restaurant, Inc. in the original amount of $417.12 dated March 14, 1979 and recorded March 16, 1979;
7. Judgment lien in favor of Doctors Levin, Helfer and Bauer in the original amount of $530 dated October 27, 1980 and recorded November 7, 1980;
8. Lis pendens in favor of Mary Patricia Winer dated November 4, 1981 and recorded November 4, 1981;
9. Judgment lien in favor of Mary Patricia Winer in the original amount of $7,012 dated July 20, 1988.
The property at 222 Jackman Avenue, Fairfield, has never been sold. The defendant Mary Patricia Winer is in possession of said premises.
The issue before the court is the validity of the defendant's special defense that she has interests in the subject property superior to that of the plaintiff and cannot be foreclosed out.
This matter was tried on July 3, 1996, before the undersigned. The stipulated statement of facts was filed at that time and the plaintiffs were permitted to orally amend their reply to the defendant's special defense. That reply was then filed on July 19, 1996. The plaintiff's claimed debt as of the trial date was $36,178.86 with interest continuing to run at $6.917 per diem. Plaintiff's Affidavit of Attorney's Fees seeks fees of $9,550 to July 3, 1996.
The doctrine of lis pendens has its origin in equity. Nortonv. Birge, 35 Conn. 250 (1968) and is now codified in § 52-325 of the General Statutes. That section of the statutes provides, in part, as follows:
 Sec. 52-325. Notice of lis pendens. (a) In any action in a court of this state or in a court of the United States (1) the plaintiff or his attorney, at the time the action is commenced or afterwards . . . if the action is intended to affect real property, may cause to CT Page 5284-PP be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property. . . . Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action, and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. . . .
Subparagraph (b) of § 52-325 provides as follows:
 A dissolution of marriage proceeding seeking a dissolution of the parties' marriage and a division of property is certainly an "action whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property."
Here the lis pendens was on record and preceded the filing of plaintiff's judgment lien by ten years and four months. The presence of the lis pendens is senior in point of time to plaintiff's action for foreclosure of judgment lien. It does not, however, preclude the plaintiffs from foreclosing this lien as set forth in the defendant's special defense. Nor does the plaintiff's reply finally determine this issue. Ultimately, the court may be faced with priority of encumbrances, but does not have that issue at this time.
The claim of the defendant that "she has the right to remain at the subject property until it is put up for sale by the defendant Harold T. Winer. . ." is without merit and not in accord with the judgment entered on December 31, 1986. So also is the defendant's claim that the plaintiff's have no standing to force a sale through foreclosure because they are not parties to the divorce action. See Venuti v. Venuti, 36 Conn. Sup. 56 (1979, Raymond E. Baldwin, S.T.R.). CT Page 5284-QQ
The plaintiffs claim that the defendant, Mary Patricia Winer, is barred by the doctrines of waiver, estoppel and laches. Waiver is the intentional relinquishment of a known right. To constitute "waiver" there must be both knowledge of the existence of a right and the intention to relinquish it. The plaintiffs have not sustained their burden of proof with respect to the issue of waiver, so that this defense is denied.
On the issue of laches and estoppel, either defense requires a showing of prejudice and a failure to take action. There has been no such showing. These defenses must, likewise, be denied.
The plaintiffs have a right to proceed to a judgment of foreclosure. A judgment of foreclosure must be scheduled to be heard, the court then to determine the question of counsel fees and to determine whether this should be a foreclosure by sale or judgement of strict foreclosure. Subsequently, depending upon the course of subsequent proceedings, the court may have to determine priorities.
Judicial notice as to a date and time of further proceedings will be sent to counsel for the parties for further appropriate orders.
EDGAR W. BASSICK, III, JUDGE