PER CURIAM.
Kenny R. Hickman (father) and Lori J. Hickman (mother) were divorced in December of 1985 in San Juan County, Utah. The mother was granted custody of the parties’ minor child and the father was required to pay $150 per month in child support. The final order of dissolution of marriage from the Utah trial court did not establish a support obligation for the mother. The father now resides in Georgia and is now the custodial parent of the minor child. The mother is now a resident of the state of Florida.
The father, represented by the State of Florida Department of Revenue (Department), on May 29, 1998, filed in Florida a Uniform Support Petition under the Uniform Interstate Family Support Act (UIF-SA) seeking to establish an order of child support. The mother filed an answer to the Uniform Support Petition and a counter-petition, seeking to establish back child support for the time that the minor child resided with her. At the hearing on the Uniform Support Petition, the mother, after the father presented his case, moved for a directed verdict. The trial court granted the mother’s motion, reasoning that it did not have jurisdiction since the UIFSA petition did not allege a basis upon which to establish that the father had custody of the minor child. The father argues, on appeal that the trial court had jurisdiction to hear the petition. We agree and reverse the trial court’s order granting the mother’s motion for directed verdict.
In State of Florida, Department of Health and Rehabilitative Services v. Harnois, 609 So.2d 149 (Fla. 2d DCA 1992), the father and mother divorced pursuant to a Georgia divorce decree which awarded the father legal custody of the child. The mother, who had actual physical custody of the child from the time of the divorce, moved to Arizona, and the father moved to Florida. The State of Arizona filed a URESA action (now UIFSA) against the father seeking to establish a support obligation. The trial court denied the petition on the grounds that the father still had legal custody of the child even though the child was living with the mother in Arizona.
The Hamois court reversed, finding that the mother was not required to have legal custody of the child in order to institute a proceeding under URESA. Similarly, the trial court in the instant case erred in granting the mother’s motion for directed verdict on the grounds that the father did not have legal custody of the child.
There is nothing in the record to show that there has ever been an order entered in any state ordering the mother to pay child support for the child. Thus, pursuant to UIFSA, the State of Georgia, where the father and the minor child currently reside, properly commenced a UIFSA proceeding in Florida to establish the mother’s support obligation. The trial court’s order granting the mother’s motion for directed verdict is REVERSED and the case REMANDED with instructions for the trial court to determine the appropriate child support obligation of the mother.
ERVIN, LAWRENCE and PADOVANO, JJ„ CONCUR.