777 So.2d 1213 (2001)
James WILLIAMS, Appellant,
v.
Genoav BEAGLE o/b/o Katina BEAGLE, Appellee.
No. 5D00-1828.
District Court of Appeal of Florida, Fifth District.
February 23, 2001.
*1214 Silvia Ponce DeLeon, Seminole County Bar Assoc., Legal Aid Society, Altamonte Springs, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
ORFINGER, R.B., J.
The Florida Department of Revenue (DOR) filed suit against Appellant James Williams (Williams) on behalf of Katina Beagle (Katina) and her grandmother, Genoav Beagle, pursuant to the Uniform Interstate Family Support Act (UIFSA)[1] and Title IV-D of the Social Security Act.[2] DOR sought orders establishing Williams' paternity of Katina and payment of child support for her benefit. The circuit court adopted the recommendation of the child support hearing officer, who determined Williams to be Katina's biological father and ordered him to pay $72.34 per week in child support. Williams does not contest the adjudication of paternity, but claims the hearing officer erred in calculating his support obligation under the statutory guidelines. We agree.
Every parent has a legal duty to support his or her child. Erwin v. Everard, 561 So.2d 445 (Fla. 5th DCA 1990). In furtherance of this duty, public policy favors imposing on parents an obligation to contribute to the child's support. Wollschlager v. Veal, 601 So.2d 274, 276 (Fla. 1st DCA 1992). Thus, section 61.30(9), Florida Statutes (2000) provides that "[e]ach parent's percentage share of the child support need shall be determined by dividing each parent's net income by the combined net income." To make the required calculation, the income of both parents should be considered, if reasonably possible.
In this case, the hearing officer imputed income of $1,800 per month to Williams, but made no findings as to the income of Katina's mother. DOR argues that the hearing officer properly applied the guidelines using Williams' income alone because Williams did not produce any evidence regarding the income of Katina's mother.[3] While it is certainly each party's responsibility to conduct adequate discovery, in UIFSA cases, the Legislature has chosen to impose a concurrent obligation *1215 on DOR to "[m]ake a reasonable effort to obtain all relevant information, including information as to the income and property of the parties." § 88.3071(2)(c), Fla.Stat. (2000). Though DOR provided income information for Genoav Beagle, Katina's grandmother and custodian, the record does not contain information about the income of Katina's mother or demonstrate any reasonable efforts by DOR to obtain such information. This information is certainly relevant to the determination of the child support award sought against Williams since there was no evidence to suggest that her parental rights had been terminated or that she was deceased, in prison or otherwise unable to contribute to her child's support. See § 61.30, Fla.Stat. (2000). The record shows that Katina, her mother and her grandmother all live in the same small town. We do not believe that obtaining the mother's income information under these circumstances would unduly strain DOR's resources.
Our ruling today does not abrogate each party's responsibility to conduct discovery, nor does it place on DOR the burden of gathering all of the information a court may consider in determining or modifying a child support award. Rather, it is limited to a situation in which a parent (or other person with a legal duty to support the child) is not a party to the proceeding, and obtaining the relevant information would not put an undue burden on DOR.
We must also address one additional issue. A hearing officer's recommendation, and the circuit court's order, must be based on competent, substantial evidence. See Dep't of Revenue ex rel. Eady v. Eady, 670 So.2d 1125 (Fla. 2d DCA 1996). In this case, Williams' financial affidavit stated that his income varied "by the job" and changed significantly from month to month. The hearing officer imputed income of $1,800 per month to Williams by adding the amount of his bills the previous month and subtracting those bills which he had not yet paid. We fail to see how this calculation allowed the hearing officer to correctly determine Williams' income. Since Williams' uncontroverted testimony clearly indicated that his income varies greatly from month to month, the hearing officer's determination of income based on his ability to pay bills in one randomly selected month is not supported by substantial competent evidence.
The only authority for imputing income requires a finding that Williams was voluntarily unemployed or underemployed. See § 61.30(2), Fla.Stat. (2000); Koeppel v. Holyszko, 643 So.2d 72, 75 (Fla. 2d DCA 1994) ("A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts."); cf. Nerney v. Nerney, 752 So.2d 706, 707 (Fla. 2d DCA 2000) (requiring recalculation of support award when guidelines worksheet failed to employ income figures consistent with those provided by the parties in their financial affidavits). No such finding was made in this case. Thus, the hearing officer was required to utilize Williams' actual income, based on the evidence before him.[4]
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
COBB and SAWAYA, JJ., concur.
NOTES
[1] Chapter 88, Florida Statutes (2000).
[2] 42 U.S.C. § 651 et seq. (2000). Section 409.2557, Florida Statutes (2000) establishes DOR as the state agency responsible for administration of the child support enforcement program under the Social Security Act.
[3] Although now represented by Legal Aid, Williams appeared at the hearing without counsel.
[4] Williams presented tax returns that showed gross income of substantially less than $1800 per month. He also produced receipt books, but the record does not indicate that they were examined or considered by the hearing officer.