IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,
ON BEHALF OF DENNIS
LANG DONSEN,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-624

      Appellant,

v.

AUTUMN DANIELLE PARE,

      Appellee.

_____/

Opinion filed October 12, 2015.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney
General, Tallahassee, for Appellant.

No appearance for Appellee.

PER CURIAM.

      In this action under the Uniform Interstate Family Support Act, the

Department of Revenue, on behalf of Dennis Lang Donsen, appeals a final order

denying a petition for child support against Autumn Danielle Pare. We reverse and remand for an evidentiary hearing to determine the appropriate amount of child support.

Donsen and Pare are the parents of a minor child born on December 10, 1998. Pare had sole custody of the child and provided support for the child until 2009, when she agreed to allow the child to move to Oregon to live with Donsen for one year. Since that time, the child has remained in Oregon in Donsen's custody. In 2014, the Department of Revenue filed a petition on Donsen's behalf seeking support from Pare for the child. The trial court denied the petition because there was no legal order determining Donsen's paternity and because he did not have legal custody of the child. This was error.

Both parents have an equal duty to support their minor children. Erwin v. Everard, 561 So. 2d 445, 445 (Fla. 5th DCA 1990); O'Brien v. O'Brien, 424 So. 2d 970, 971 (Fla. 3d DCA 1983). Although there is no formal order determining paternity in this case, Pare admits that Donsen is the biological father of the child and the record shows that his paternity has been confirmed by DNA testing. The Act does not require a formal order of paternity in order to seek support. See § 88.4011(1), Fla. Stat. (2014) (authorizing individuals that reside in another state or support enforcement agencies that are located in another state to seek a support order pursuant to the Act). Rather, a person with physical custody may initiate

2

proceedings seeking child support even if the respondent has legal custody. State, Dep't of Health & Rehab. Servs. v. Harnois, 609 So. 2d 149, 149-50 (Fla. 2d DCA 1992). This ability arises from the fact that child support is a right which belongs to the child. Morris v. Swanson, 940 So. 2d 1256, 1257 (Fla. 1st DCA 2006).

The fact that the parties may be engaged in a custody dispute is not a reason to deny a petition for support. § 88.3051(4), Fla. Stat. (2014) ("A responding tribunal of this state may not condition the payment of a support order issued under this act upon compliance by a party with provisions for visitation."). Regardless, there is no indication that there was a legal custody dispute when the petition for support was filed in this case. While Pare averred that she attempted to contact law enforcement about returning the child to Florida, there is no evidence that she initiated any legal proceedings to seek the child's return despite being aware of the child's location. Because Donsen has physical custody of the child, he was entitled to seek child support from Pare; thus, the trial court erred in denying the petition for support. See State, Dep't of Revenue By and on Behalf of Taylor v. David, 684 So. 2d 308, 309 (Fla. 1st DCA 1996).

REVERSED and REMANDED for further proceedings consistent with this opinion.

WETHERELL, ROWE, and RAY, JJ., CONCUR.