McCORD, Judge.
Appellants, a mother and child, appeal from an administrative order upholding the validity of Florida Administrative Code Rule 10D-49.17(5) as a valid exercise of delegated legislative authority. We affirm.
Rule 10D — 49.17(5) provides that if a mother was married to the father listed on the birth certificate of a child at the time of the birth, or if the marriage terminated within 10 months prior to the birth, paternity can be changed only by order of a court of competent jurisdiction. By request to appellee, the Department of HRS, appellants attempted to have appellee amend appellant child’s birth certificate which lists Nelson Jones, Jr., the mother’s ex-husband, as the child’s father. Appellants sought change of the birth certificate to reflect that Wilbert Lee is the child’s father. The mother was married to Jones at the time she gave birth to the child. However, with her request for the change, she submitted the final judgment of dissolution of her marriage to Jones, her own affidavit reciting that she had been separated from Jones for more than 10 months prior to the birth of the child, an affidavit from Lee acknowledging that he is the natural father of the child, and an affidavit from Jones acknowledging that he was not the natural father of the child. Appellee denied the request to amend the birth certificate on the basis of the challenged Rule, concluding that in the absence of a court order, it was without authority to so amend.
Appellants assert that the challenged rule is contrary to the intent of Chapter 382, Florida Statutes (1979). They contend that the purpose of Chapter 382 is to guarantee simplicity in the amendment of birth certificates, and the statute obviously did not intend to require uncontested paternity actions as a prerequisite to amendment where all concerned parties agree that the listed father is not the natural father and where the natural father acknowledges paternity. Appellants rely upon § 382.49, Florida Statutes (1979), which authorizes the state registrar “to correct any error of a general nature pertaining to date of birth, sex of child, or other information necessary to the issuance of birth certificate and to correct any error of a clerical nature. .. . ” Section 382.16(5), Florida Statutes (1979), however, provides as follows:
(a) If the mother was married at the time of conception, the name of her husband at such time shall be entered on the certificate as the father of the child, and the surname of the child shall be entered on the certificate as that of the husband, unless paternity has been determined otherwise by a court of competent jurisdiction.
(b) If the mother was not married at the time of conception, but is married at the time of birth, the name of her husband at the time of birth shall be entered on the certificate as the name of the father of the child, and the surname of the child shall be entered on the certificate as that of the husband, provided the husband gives consent in writing, unless paternity *1122 has been determined otherwise by a court of competent jurisdiction.
When we consider § 382.49 in pari materia with § 382.16(5)(a) and (b), it becomes apparent that the name of the child’s father which appears on the birth certificate in the case sub judice may not be changed without a court order. We have considered § 382.-21(5) which allows correction of any misstatement or errors occurring in a birth record upon “proof satisfactory to the registrar.” Under § 382.16(5)(a) and (b), however, the only proof that is statutorily permissible under the circumstances of this case is a court order.
Appellants contend that the challenged rule and the authorizing legislation are constitutionally defective because Chapter 382 does not contain adequate guidelines for the exercise of legislatively delegated authority. Contrary to this contention, the challenged rule is an explicit implementation of § 382.16(5)(a) and (b), and no further guidelines are necessary.
AFFIRMED.
ERVIN and SHAW, JJ., concur.