DAUKSCH, Judge.
This is an appeal from a marriage dissolution judgment. On appeal is that portion of the judgment which requires the appellant to provide child support for a child which appellant says is not his. In the petition for dissolution, appellant alleged that he was not the father. Because appel-lee failed to answer the complaint, a default was entered against her; the allegation is thus taken as true. After default was entered, appellee wrote a letter to the trial court admitting that appellant was not the father of her child.
Although we have no transcript of the final hearing, the appellant’s brief and the final judgment indicate that it was an uncontested hearing with no appearance by or on behalf of appellee. The paltry record and brief, including the pleadings and the judgment, indicate that appellant is not the father of appellee's child, but was married to appellee at the time the child was bom.
The trial court presumed appellant to be the father of the child by virtue of the fact that he was married to appellee at the time of the child’s birth, and thus ordered appellant to pay child support. This order was made despite the court’s awareness and acknowledgment of evidence from both sides that appellant was not the natural father of the child. Instead, the court directed the parties to make diligent efforts to locate and identify the natural father.
A presumption of paternity is re-buttable. Albert v. Albert, 415 So.2d 818 (Fla. 2d DCA 1982). The testimony and the evidence before the trial court apparently all rebut the presumption and the trial judge himself seems to concede that appellant is not the father of appellee’s child.
Appellee has not filed a brief in this court or done anything to support the judgment, either before trial or on appeal except to oppose a motion for rehearing below by writing a letter in which she states that appellant is the father of her child. This letter can be, and is, disregarded as a handclapping cheer for a windfall award she has always admitted she had no right to have.
That portion of the final judgment which orders appellant to pay $130 per month in child support is reversed. On all other points, the final judgment is affirmed.
AFFIRMED in part; REVERSED in part.
UPCHURCH, C.J., concurs.
SHARP, J., concurs specially with opinion.