ALLEN, Judge.
Andre L. Grant challenges a judgment of paternity.* Because the trial court did not address whether the child’s best interests will be served by overcoming the presumption of legitimacy, we reverse.
On December 13, 1990, Cheryl Jones gave birth to a daughter, Chelsea Jones. ■ At the time of birth and for the previous six years, Cheryl Jones was married to Eric Jones. Subsequently, the Joneses divorced, and Cheryl began receiving financial assistance from the Department of Health and Rehabilitative Services (HRS) for the support of Chelsea. HRS instituted a suit on behalf of Cheryl to determine the paternity of the child and for child support and reimbursement of past support. The appellant was alleged to be the father. Pursuant to a “Consent Order Compelling Compulsory Physical Examination,” the parties underwent a blood evaluation which showed a high probability that the appellant was indeed the father of Chelsea. Following a hearing, the trial court rendered its final judgment of paternity, which adjudged the appellant to be the father and imposed financial obligations upon him, including the monthly payment of child support and the reimbursement for past support.
The appellant argues that the trial court erred in entering the judgment of paternity because the appellee did not prove that the child’s best interests would be served by impugning the legitimacy of the child. The appellant’s argument has merit under the supreme court’s recent decision in Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993). Although Privette concerned the initial ordering of blood tests, the opinion also addresses the situation in the present ease, where a test has already been performed:
[Tjhere must be a clear and compelling reason based primarily on the child’s best *48 interests to overcome the presumption of legitimacy even after the legal father is proven not to be the biological father. This is at least the equivalent of the burden of proof that would exist in proceedings to terminate the legal father’s parental rights.
Id. at 309 (emphasis in original) (citing State ex rel. H. v. R, 90 A.D.2d 434, 457 N.Y.S.2d 488, 491 (1982)). While it may be that in the present case the child’s need for support will outweigh the stigma of illegitimacy, this issue was not addressed by the trial court, and clearly under Privette, it must be addressed. We therefore reverse the judgment of paternity and remand in light of Privette.
ERVIN and BOOTH, JJ., concur.

 We treat appellant's appeal from an order denying his motion for rehearing "as an appeal from the underlying disposition of the case, rehearing of which was sought by the motion.” Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991); see, e.g., Tunstall v. Folsom, 616 So.2d 1123 (Fla. 1st DCA 1993); Carpenter v. Super Pools, Inc., 534 So.2d 426 (Fla. 5th DCA 1988); Bay Area News, Inc. v. Poe, 364 So.2d 830, 832 n. 1 (Fla. 2d DCA 1978); see also State ex rel. Poe v. Allen, 196 So.2d 745 (Fla.1967); Florida Sugar Cane League Inc. v. Florida Dept. Envtl. Regulation, 602 So.2d 544 (Fla. 1st DCA 1991); Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981).