661 So.2d 363 (1995)
Willie P. ROBINSON, Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, By and on Behalf of Marolyn D. EVANS, Appellee.
No. 95-126.
District Court of Appeal of Florida, First District.
October 10, 1995.
Michael L. Guttmann, Pensacola, for Appellant.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee; Chriss Walker, Department of Revenue, Office of Child Support Enforcement, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant seeks review of a final judgment of paternity. He asserts that the trial court committed reversible error when it denied his motion for appointment of a guardian ad litem to represent the child and for a determination of whether a finding of paternity would be in the best interest of the child. According to appellant, such action was mandated by Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla. 1993). We disagree, and affirm.
In Privette, the court said that, "[o]nce children are born legitimate, they have a right to maintain that status both factually and legally if doing so is in their best interests.... The child's legally recognized father likewise has an unmistakable interest in maintaining the relationship with his child unimpugned... ." Id. at 307 (citations omitted). Accordingly, the court held that, before the legitimacy of a child and, thus, the parental rights of the "legal father" could be "impugned" (id.), "a clear and compelling reason" for doing so, "based primarily on the child's best interests," must be established. Id. at 309. To assure that the rights of the child and the "legal father" are protected in such cases, a guardian ad litem must be appointed to represent the child, and the "legal father" must be given notice and afforded an opportunity to appear and be heard. Id. at 308.
It is apparent that the decision in Privette was motivated by the perceived need to protect the interests of two groups  children who face the threat of "being declared illegitimate" (id. at 309), and "legal fathers" who face the threat of losing parental rights. However, no such concern is implicated in this case. There is no dispute about the fact that a final judgment dissolving the marriage of the child's mother and his "legal father" was entered in December 1992, well before this action was commenced. There is, likewise, no dispute about the fact that, at the request of the child's "legal father" in the dissolution action, blood tests were performed establishing that he is not the child's biological father. As a result, the final judgment of dissolution holds that the child's "legal father" is not his "father," and owes no *364 duty of support to the child. Given these undisputed facts, we can discern no good reason why appellant should be permitted to use Privette as a shield, in an attempt to thwart a determination that he is the biological father of the child and, therefore, owes a duty of support to the child.
AFFIRMED.
WOLF and VAN NORTWICK, JJ., concur.