681 So.2d 849 (1996)
Michael S. DANIEL, Appellant,
v.
Tara DANIEL, Appellee.
No. 95-04573.
District Court of Appeal of Florida, Second District.
October 18, 1996.
*850 Peter N. Meros, St. Petersburg, for Appellant.
Carl T. Boake and James A. Obeso, St. Petersburg, for Appellee.
WHATLEY, Judge.
The husband, Michael S. Daniel, challenges that part of the final judgment of dissolution of marriage awarding the wife, Tara Daniel, child support for a child who is not biologically his, but who was born during the course of the marriage. At the time of the parties' marriage, the husband knew the wife was pregnant with the child of another man. In the dissolution proceeding, the parties stipulated that the husband was not the biological father of the child. The parties separated after eleven months of marriage.
Pursuant to Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), the trial court appointed a guardian ad litem to represent the interests of the child and made the biological father a party to the proceedings.[1] In the final judgment of dissolution, the trial court determined that the husband had not contracted for the child's support and that equitable estoppel did not apply so as to compel him to pay child support. Consistent with the guardian ad litem's report, the trial court found that although both the husband and the biological father had the ability to pay child support, the husband was "better able" to provide such support and the "best interest" of the child was served by ordering the husband to pay child support.
The husband contends that Privette does not control these facts and that the applicable rule of law is stated in Albert v. Albert, 415 So.2d 818 (Fla. 2d DCA 1982), review denied, 424 So.2d 760 (Fla.1983). We agree. In Albert, this court announced, "We *851 hold that a person has no legal duty to provide support for a minor child who is neither his natural nor his adopted child and for whose care and support he has not contracted." 415 So.2d at 820. See also Portuondo v. Portuondo, 570 So.2d 1338 (Fla. 3d DCA 1990), review denied, 581 So.2d 166 (Fla.1991); Swain v. Swain, 567 So.2d 1058 (Fla. 5th DCA 1990); Bostwick v. Bostwick, 346 So.2d 150 (Fla. 1st DCA 1977); Taylor v. Taylor, 279 So.2d 364 (Fla. 4th DCA 1973). Here, since the husband is neither the child's natural nor adopted father, and he has not contracted for her care and support, he has no duty to pay child support upon the dissolution of the marriage.
We conclude that Privette is not applicable to the present case. The broad language of Privette has made it difficult for trial judges to know when to conduct a Privette hearing. Privette centered on litigation brought by HRS seeking to compel a putative father to pay child support. Privette was a case of contested paternity involving blood tests. In Robinson v. Department of Revenue, 661 So.2d 363 (Fla. 1st DCA 1995), the First District found the scope of Privette limited to cases involving (a) children who face the threat of being declared illegitimate and (b) "legal fathers" who face the threat of losing parental rights.[2] We concur with Robinson but also conclude Privette has an even narrower focus.[3] We conclude Privette does not apply unless the criteria set forth in Robinson are present and the matter[4] involves contested paternity with the request for blood tests or similar genetic testing.
Because the above concerns are not present in this case, Privette does not apply. First, paternity was not contested. The parties stipulated that the husband was not the biological father. Second, this case did not involve a legal father who faced the threat of losing parental rights without notice and opportunity to be heard. Third, the child's legitimacy was not at issue. See Robinson. In Matter of Adoption of Baby James Doe, 572 So.2d 986, 988 (Fla. 1st DCA 1990), the First District states the well-settled rule that: "A child born or conceived during a lawful marriage is a legitimate child." Because the child in this case was born during the lawful marriage of the husband and the wife, the child was thus born legitimate. In addition, no party to the dissolution of marriage action raised the issue of legitimacy or challenged the child's status as being legitimate. The husband affirmatively acknowledges this matter. Further, the child's birth certificate remains unchallenged and unchanged. In Florida, a birth certificate can be changed only pursuant to a court order. See Fla.Admin.Code R. 10D-49.017; Jones v. State, Dep't of Health and Rehabilitative Services, 409 So.2d 1120 (Fla. 1st DCA 1982). We conclude that despite this court's holding that the legal father has no duty to pay child support, the child remains legitimate.
We believe confusion has arisen in the law because of a failure to distinguish between paternity and legitimacy. The presumption of legitimacy is one of the strongest rebuttable presumptions known in the law. See Albert; Matter of Adoption of Baby James Doe. In dicta, Albert addressed this presumption of legitimacy and stated: "However, when all parties to the action agreed upon the identity of the natural father and that the appellant was not the natural father, this presumption was overcome." 415 So.2d at 820. The presumption that was overcome in Albert was not the presumption of legitimacy, but the presumption of paternity. See Prater v. Prater, 491 So.2d 1280 (Fla. 5th DCA 1986).
The American Heritage College Dictionary 1001 (3d ed. 1993), defines paternity as *852 "the state of being a father; fatherhood.... a woman attempting to establish that a particular man is the father of her child...." Only one person can be the biological father of a child. The American Heritage College Dictionary 775 (3d ed. 1993), defines legitimate as "being in compliance with the law; lawful.... Born to legally married parents." Paternity and legitimacy are related concepts, but nonetheless separate and distinct concepts.
Based on the foregoing, we certify the following question as being of great public importance:
"IS THE PRESUMPTION OF LEGITIMACY OVERCOME WHEN A MARRIED HUSBAND AND WIFE STIPULATE THAT THE CHILD'S FATHER IS NOT THE HUSBAND BUT DO NOT CHALLENGE THE CHILD'S LEGITIMACY, AND THE BIRTH CERTIFICATE REMAINS UNCHANGED?"
Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.
Reversed and remanded; question certified.
SCHOONOVER, A.C.J., and PARKER, J., concur.
NOTES
[1] The biological father only participated to the extent that his deposition was taken by the guardian ad litem.
[2] Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305, 308 (Fla.1993), held that legal fathers should not lose their parental rights without notice and opportunity to be heard.
[3] Kimberly G. Montanari, Does the Presumption of Legitimacy Actually Protect the Best Interests of the Child?, 24 Stetson L.Rev. 809 (Summer 1995).
[4] Alchin v. Alchin, 667 So.2d 477 (Fla. 2d DCA 1996), states that even though Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), was a paternity action, its principles apply equally in dissolution of marriage proceedings.