695 So.2d 1253 (1997)
Tara DANIEL, Petitioner,
v.
Michael S. DANIEL, Respondent.
No. 89363.
Supreme Court of Florida.
June 19, 1997.
Carl T. Boake, St. Petersburg, for Petitioner.
Peter N. Meros of Meros, Smith & Olney, P.A., St. Petersburg, for Respondent.
*1254 PER CURIAM.
We have for review the following question certified to be of great public importance:
IS THE PRESUMPTION OF LEGITIMACY OVERCOME WHEN A MARRIED HUSBAND AND WIFE STIPULATE THAT THE CHILD'S FATHER IS NOT THE HUSBAND BUT DO NOT CHALLENGE THE CHILD'S LEGITIMACY, AND THE BIRTH CERTIFICATE REMAINS UNCHANGED?
Daniel v. Daniel, 681 So.2d 849, 852 (Fla. 2d DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative and approve the analysis and result in the district court's decision below.

FACTS
On appeal to the Second District, the former husband in this case and respondent here, Michael Daniel, challenged that part of a final judgment of dissolution of marriage awarding his former wife, Tara Daniel, child support for a daughter, Ciara Daniel, who is not biologically his, but who was born in March 1993, three months after the couple married. The parties separated after eleven months of marriage. At the time of their marriage, Michael Daniel knew his wife was pregnant with the child of another man.
In the marriage dissolution proceeding before the trial court, the parties stipulated that Michael Daniel was not the biological father of the child. Pursuant to our decision in Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), the trial court appointed a guardian ad litem to represent the interests of the child and made the biological father, Scott Staggers, a party to the proceedings.[1] In the final judgment of dissolution, the trial court determined that Michael Daniel had not contracted for the child's support and that equitable estoppel did not apply so as to compel him to pay child support. Consistent with the guardian ad litem's report, however, the trial court found that while both Michael Daniel and the biological father had the ability to pay child support, respondent was "better able" to provide such support and the "best interest" of the child was served by ordering respondent, as opposed to the biological father, to pay child support. 681 So.2d at 850.

APPEAL
The Second District, in a concise and well-reasoned opinion by Judge Whatley, reversed the support award on appeal, holding that: (1) a husband, like Michael Daniel, who is not the natural or adoptive parent of a child, and has not otherwise contracted for the child's care and support, has no duty to pay child support upon the dissolution of the marriage; and (2) even though the former husband in this case has no duty to pay child support, the child nevertheless remains "legitimate" because she was born during the parties' valid marriage. Id. at 851. We approve the district court's analysis of this issue and agree with its conclusion that paternity and legitimacy are related, but nevertheless separate and distinct concepts.
The district court properly found that the instant case is controlled by the well-settled rule of law in this state that "a person has no legal duty to provide support for a minor child who is neither his natural nor his adopted child and for whose care and support he has not contracted." Albert v. Albert, 415 So.2d 818, 820 (Fla. 2d DCA 1982); see also Portuondo v. Portuondo, 570 So.2d 1338 (Fla. 3d DCA 1990); Swain v. Swain, 567 So.2d 1058 (Fla. 5th DCA 1990); Bostwick v. Bostwick, 346 So.2d 150 (Fla. 1st DCA 1977); Taylor v. Taylor, 279 So.2d 364 (Fla. 4th DCA 1973). While the courts must be ever vigilant to protect our children, we do not find the circumstances of this case justify a deviation from this established rule of law or present an exception to its application.
*1255 We further agree with the district court that the instant case is distinguishable from Privette. Unlike the circumstances before us here, our decision in Privette addressed a case of contested paternity involving blood tests, and its application is limited to those instances where a child faces the threat of being declared illegitimate, and the "legal father" also faces the threat of losing parental rights which he seeks to maintain. 681 So.2d at 851. As the district court aptly notes, paternity is not contested here. The parties have stipulated that Michael Daniel is not Ciara's natural father, and Mr. Daniel is not asserting any rights he might have had as Ciara's "legal father" during the time of the couple's marriage. Id. At the same time, neither is Ciara's status as a "legitimate" child subject to dispute in this case. Ciara was born during her mother's valid marriage to respondent Michael Daniel, and she remains legitimate. See In re Adoption of Doe, 572 So.2d 986, 988 (Fla. 1st DCA 1990) (stating that a child born or conceived during a lawful marriage is a legitimate child). Just as Ciara's natural lineage was unaffected by her mother's marriage, Ciara's legitimacy will not be affected by a determination of paternity or any orders of support that may follow such a determination.
Accordingly, we approve the Second District's decision below and remand the case for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Mr. Staggers participated in the proceedings only to the extent that his deposition was taken by the guardian ad litem. According to the guardian ad litem's report, Mr. Staggers is employed in Brooksville, Florida, where he lives with his girlfriend and supports their own daughter, as well as his girlfriend's child. While acknowledging to the guardian ad litem that Ciara Daniel may be his daughter, Mr. Staggers expressed no interest in taking part in her upbringing or providing financial support.