NORTHCUTT, Judge.
The circuit court entered a final judgment of dissolution that approved and incorporated a settlement agreement between the wife, L.S.H., and the husband, P.L.H. L.S.H. challenges the circuit court’s refusal to set aside the settlement agreement. We find no error in the court’s decision to hold the wife to the agreement, save in one respect. The agreement included a provision in which she waived child support for a minor child. While the court found that the wife freely and voluntarily entered into the settlement, and that there was no fraud or material misrepresentation of fact, its order did not specifically address the waiver of child support. We reverse the final judgment only to the extent that it incorporates this provision of the settlement agreement, and remand for further proceedings on this issue.
In the settlement agreement, L.S.H. acknowledged that P.L.H. was not the biological father of a child conceived and born during the marriage.[1] While this stipulation is valid, the wife’s waiver of child support cannot bind the court. See Frazier v. Frazier, 109 Fla. 164, 147 So. 464 (1933); Cherna v. Cherna, 427 So.2d 395 (Fla. 4th DCA 1983). In Daniel v. Daniel, 695 So.2d 1253 (Fla.1997), the supreme court held that a man who is not a child’s natural or adoptive father, and who has not otherwise contracted for the child’s care and support, has no duty to pay child support. The settlement agreement and the court’s orders do not address the question of whether P.L.H. contracted to support the child. Moreover, we have recently noted that nothing in Daniel changes the rule that equitable estoppel may compel a husband to support a child that is not biologically his own. See C.C.A. v. J.M.A., Case No. 98-23695, — So.2d -, 1999 WL 790660 (Fla. 2d DCA Oct. 6,1999); see also D.F. v. Department of Revenue, 736 So2d.782 (Fla. 2d DCA 1999).
We reverse the portion of the final judgment that incorporates the wife’s agreement to waive child support. We remand for further proceedings on the questions of whether P.L.H. contracted to support the minor child, or whether he is equitably estopped from denying a support obligation.
Affirmed in part, reversed in part and remanded.
FULMER, A.C.J., and SALCINES, J., Concur.

. Judge Altenbernd has described such a child as a Type II quasi-marital child. See Chris W. Altenbernd, Quasi-Marital Children: The Common Law’s Failure in Privette and Daniel Calls for Statutory Reform, 26 Fla. St. U.L.Rev. 219 (1999).