GRIFFIN, J.
We believe the lower court did not err in dismissing appellant’s paternity suit based on the current state of the law. See G.F.C. v. S.G., 686 So.2d 1382 (Fla. 5th DCA 1997). This is a changing legal landscape, however, and the status of this family may also change. For example, assuming Daniel v. Daniel, 695 So.2d 1253 (Fla.1997), remains good law and Mr. Bumsted elects to avoid his support obligation in reliance upon it in a subsequent dissolution of marriage proceeding, the reasons for precluding the present paternity suit likely would no longer pertain. Given the facts alleged in the amended complaint, however, we agree with the lower court that appellant has no right to institute a paternity action.
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.