LEWIS, J.,
dissenting.
Because I believe that there is express and direct conflict between the decision below and our decision in Daniel v. Daniel, 695 So.2d 1253 (Fla.1997), I dissent from the majority’s dismissal of review. The material facts in both cases are indistinguishable. Both cases involve a former husband who was aware that he was not the father of his wife’s child, and who never contracted to support the child. Notwithstanding these identical facts, the former husband in Daniel was not required to provide child support upon the dissolution of the marriage, whereas the former husband in the present case will be required to do so.
The court below adopted an equitable estoppel theory to accomplish that which is otherwise contrary to existing law. Here, an individual attempted to be supportive of a quasi-family unit only to find himself forced into that which can only be described as some form of “common law adoption.” The language of the decision below seems to be drawn from the old concept of common law marriages which were abolished in this state many years ago. This judicial social intervention only serves to encourage that one not attempt to be supportive under the circumstances presented here. It is now clear that anyone who is not the biological parent of a child cannot live and participate in a family structure which involves a child without incurring all of the legal responsibilities which historically have been those of a natural parent. This is an approach that, in my view, will lead to adults abandoning relationships and serve only to damage the lives of children. The “equitable estoppel” approach fails to accommodate that caring family relationships cannot be mandated by judicial order and such orders only tend to destroy relationships that are otherwise viable.