HAZOURI, J.
The Department of Revenue (DOR) filed a petition to establish paternity and child support, and named two respondents, Jorge Iglesias and Ariel Garcia. The petition alleged Iglesias was the biological father of the child, but that Garcia was married to the mother of the child at the time the child was conceived and born. The petition alleged that Garcia was the presumptive legal father. The petition re *879 quested the court enter an order determining that one of the respondents was the legal father of the child and requiring that person to pay child support.
Iglesias filed a motion to dismiss, claiming that because the child was born during a legal marriage, Garcia is the presumed biological father. The trial court entered a form order granting the motion to dismiss without making any factual findings.
At the hearing on the motion to dismiss, Iglesias argued that it would not be in the best interests of the child to have Iglesias declared the father, because then the child would be illegitimate. He further argued that Garcia had the burden to prove he was not the natural father.
The standard of review in a case involving an order granting a motion to dismiss based on the presumption of legitimacy is de novo. See Lander v. Smith, 906 So.2d 1130 (Fla. 4th DCA 2005) (reviewing de novo an order dismissing a paternity action brought by putative biological father, based on child’s birth to mother and non-biological father during a legal marriage).
DOR argues that the presumption of legitimacy does not need to be rebutted at the outset of a paternity action, and that the dismissal was premature. DOR’s position is that it may file a paternity action against both the legal father and biological father, and that the issues of the best interests of the child and the presumption of legitimacy should be dealt with during the proceedings. We agree.
In addressing the child’s legitimacy, we note the child was born during the mother’s marriage to Garcia, although Garcia’s name does not appear on the birth certificate. A child born to a legal marriage is legitimate. See Daniel v. Daniel, 695 So.2d 1253 (Fla.1997) (citing In Re Adoption of Doe, 572 So.2d 986 (Fla. 1st DCA 1990)). The presumption of legitimacy is in' place to protect the best interests of the child and the interests of the legal father. Cf. Dep’t of Health and Rehabilitative Servs. v. Privette, 617 So.2d 305, 307 (Fla.1993); Fla. Dep’t of Revenue v. Cummings, 930 So.2d 604, 608 (Fla.2006).
A putative father seeking to avoid a blood test may raise the presumption in the context of his privacy interest. See Privette, 617 So.2d at 309 n. 8 (Fla.1993) (“By asserting a privacy interest the putative father necessarily puts in issue the child’s best interests, which substantially implicates the presumption. If the child’s best interests require maintaining the presumption, then the presumption will prevail because the State will lack a compelling interest justifying the blood test.”).
The common denominator in these cases is the best interests of the child. To that end, the courts require a determination of the child’s best interests. Some circumstances require specific procedures be followed in evaluating a child’s best interests. For example, if paternity is contested, the child’s legitimacy is at issue, and 'the legal father has not had notice or an opportunity to be heard, the trial court is required to appoint a guardian ad litem and hear from the guardian and all the parties before proceeding. See Privette, 617 So.2d at 308; Daniel, 695 So.2d at 1255. At a minimum, the court must evaluate the best interests of the child. See Hebner v. Barry, 834 So.2d 305 (Fla. 4th DCA 2003) (reversing trial court’s order that putative father undergo blood testing where trial court failed to make findings of fact in regard to whether the paternity test was in best interests of the child); Lander, 906 So.2d at 1135 (remanding for a hearing in a case where the putative father brought the paternity action, and directing that the best interests of the child be considered).
*880 A trial court may consider the child’s need for support. Cf. Privette, 617 So.2d at 309-10; Grant v. Jones, 635 So.2d 47, 48 (Fla. 1st DCA 1994). If the court determines that there is no compelling interest in overcoming the presumption, it must dismiss the paternity action against the putative father. Cf. M.R. v. A.B.C., 683 So.2d 629, 630 (Fla. 3d DCA 1996).
The trial court’s order contains no findings, so it’s not clear why it dismissed the action. The transcript of the hearing suggests that the trial court seemed to believe that the legal father needed to disestablish his paternity in a separate action before DOR could proceed against the putative father. This does not appear to be the case. Cf. Fla. Dep’t of Revenue v. Cummings, 930 So.2d 604 (Fla.2006) (holding that in an action to determine paternity and place support obligations on the alleged biological father, the legal father is an indispensable party unless it’s shown the legal father’s rights have been divested by a previous judgment).
The transcript of the hearing and the court’s order do not reflect that the court considered the child’s best interests before dismissing the action against Iglesi-as. We therefore reverse and remand and direct the trial court to conduct a hearing to determine whether, in light of the fact that the child’s legitimacy will remain intact, it would be in the best interests of the child to allow DOR to pursue its paternity action against Iglesias.

Reversed and Remanded.

MAY, C.J., and DAMOORGIAN, J„ concur.