NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FLORIDA DEPARTMENT OF REVENUE, )
ex rel. L.M.M., )
                                  )
            Appellant, )
                                  )
v.                                   )     Case No. 2D15-2062
                                  )
A.M.,                              )
                                  )
            Appellee. )
                                  )

Opinion filed May 20, 2016.

Appeal from the Circuit Court for
Hillsborough County; Tracy Sheehan,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and William H. Branch,
Assistant Attorney General, Tallahassee,
for Appellant.

Abhishek G. Shah of Shah Law Offices,
PLLC, Tampa, for Appellee.


CRENSHAW, Judge.

        The Department of Revenue appeals the dismissal of its amended petition

brought on behalf of a mother to establish paternity and child support for a child

conceived and born while the mother was married to a man other than the child's

biological father.  Because the trial court erred in dismissing the amended petition for failure to state a cause of action, we reverse.

In its amended petition the Department requested that the trial court adjudicate A.M.—the child's suspected biological father—to be the father and obligate A.M. to pay child support.  The amended petition provided that A.M. and the mother "engaged in sexual intercourse during the probable period of conception, which resulted in the conception and birth of the child[]" in 2006 and that A.M. "is the biological parent" of the child.  Attached and incorporated into the amended petition was a paternity declaration wherein the mother alleged that she "was married to [the former husband] at or about the time the pregnancy began or when the child was born" but that she believes A.M. is the biological father.  This declaration also stated that "no one [i]s named as the father on the child's birth certificate."  The amended petition further provided that "[t]he petitioning parent and her former spouse's marriage was dissolved with that court finding that the subject child . . . was not the biological child of the petitioning parent's former spouse and was not a common child of the petitioning parent and her former spouse."  The Department named A.M. as the only respondent; the former husband was never made a party to the paternity proceeding.

"We review this case under a de novo standard of review because the circuit court's decision to dismiss a complaint or petition is a question of law."  J.W.T. v. S.T., 974 So. 2d 436, 437 (Fla. 2d DCA 2007).  "In assessing the adequacy of the pleading of a claim, the court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the

pleader." <u>Lander v. Smith</u>, 906 So. 2d 1130, 1132 (Fla. 4th DCA 2005) (quoting <u>MEBA Med. & Benefits Plan v. Lago</u>, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004)).

It is clear from its order that the trial court determined the amended petition showed that the former husband was presumed to be the child's legal father because he was married to the mother at the time of the child's conception and birth. <u>See</u> <u>C.G. v. J.R.</u>, 130 So. 3d 776, 781 (Fla. 2d DCA 2014). And appreciating that Florida does not recognize the legal fiction of dual fathership, the trial court reasoned that the petition did not state a cause of action to establish paternity where paternity had already been established by virtue of the marital presumption and where there is no indication that the husband's rights had ever been properly divested.

But dismissal for failure to state a cause of action at this stage of the proceeding was error. This case is analogous to <u>Dep't of Revenue ex rel. Garcia v. Iglesias</u>, 77 So. 3d 878 (Fla. 4th DCA 2012), where the Fourth District reversed an order dismissing a similar petition to establish paternity and child support. It is unclear from the opinion whether the mother and husband were still legally married when the Department filed the petition, but the husband's name did not appear on the child's birth certificate. <u>Id.</u> at 879. As in this case, the transcript of the hearing on the biological father's motion to dismiss "suggest[ed] that the trial court seemed to believe that the legal father needed to disestablish his paternity in a separate action before [the Department] could proceed against the putative father." <u>Id.</u> at 880. But the Fourth District agreed with the Department's contention that although the petition raised the presumption of legitimacy, the Department did not need to rebut the presumption at the outset of the paternity action and the presumption should instead be dealt with during

- 3 -

the proceedings. Id. at 879. And the court explained that regardless of the outcome of the paternity proceeding the child could never be illegitimate by virtue of having been born into a legal marriage. Id. (citing Daniel v. Daniel, 695 So. 2d 1253 (Fla. 1997)).

Although the presumption of legitimacy is implicated here by the mother's previous marriage, under these facts the trial court erred in dismissing the amended petition for failure to state a cause of action. See Iglesias, 77 So. 3d at 879-80; see also J.T.J. v. N.H., 84 So. 3d 1176, 1177 (Fla. 4th DCA 2012) (reversing the dismissal of a biological father's paternity petition as to a quasi-marital child and explaining that the petition could not be summarily dismissed simply because the presumption of legitimacy was raised). Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

CASANUEVA and SILBERMAN, JJ., Concur.