DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER DAVIS**,
Appellant,

v.

**COURTNEY DAVIS**,
Appellee.

No. 4D17-1644

[May 16, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Acting Circuit Judge; L.T. Case No. 502016DR001962XXXXMB.

Stephanie L. Serafin and Jane Kreusler-Walsh of the Law Office of Kreusler-Walsh Vargas & Serafin, P.A., West Palm Beach, and Robin J. Scher of the Law Offices of Robin J. Scher, P.A., North Palm Beach, for appellant.

No appearance by appellee.

KUNTZ, J.

The Former Wife appeals the final judgment of dissolution of marriage. We agree with her that the court erred by failing to make findings as to: (i) whether the timesharing plan was in the best interest of the children; (ii) the paternity of two children; and (iii) alimony and distribution of the Former Husband's automobile business. We reverse.

## *Background*

The Former Husband filed a petition for dissolution of marriage stating that "[t]here are no joint assets or ties" and claiming there were two children common to both parties. The Former Wife responded, requested alimony, and indicated that the court should determine how the assets and liabilities should be distributed. Specifically, the Former Wife indicated that she should be awarded an interest in the Former Husband's property because she put the money into a business, FAS Tech Automotive Repair & Service LLC, and because she worked doing paperwork for that

business.  Further, she claimed that the Former Husband removed her name from the business without her knowledge.  The Former Husband denied these assertions.

The court held an evidentiary hearing at which counsel for the Former Husband stated, "Your Honor, I believe there are no assets or liabilities for equitable distribution.  The only issue pending before the Court would be timesharing and parental responsibility."  The Former Husband then testified regarding custody of the two children, however, did not testify about assets.

The Former Wife disputed the issue of assets.  She stated she had helped him with the paperwork in his business, and her name was removed from the business without permission. Regarding the two children, the Former Wife testified that she did not object to the Former Husband having custody for short periods of time but, in the past, she had difficulty with the Former Husband returning the children to her.

At the hearing's conclusion, the court granted the dissolution and instructed the Former Husband's counsel to "prepare a final judgment in that regard."  The court then noted that the children belonged in Palm Beach County.  Subsequently, the court issued the written Final Judgment, finding that there were no assets nor any requests for alimony. The Final Judgment required the Former Wife to return the minor children to the Former Husband in Palm Beach County but no parenting plan was attached.

The Former Wife sent a letter to the court stating that she had returned to Palm Beach County and requesting a timesharing hearing.  Two days later, the court entered an amended final judgment.  The amended final judgment provided that there would be shared parental responsibility, with the children spending every other weekend with the mother.

The Former Wife filed a motion for rehearing raising arguments now raised on appeal.  After the court denied the motion for rehearing, the Former Wife appealed.

### Analysis

The Former Wife raises multiple arguments on appeal.  First, she argues the court failed to make findings as to whether the timesharing

plan was in the best interest of the children.[1]  Second, she argues the court failed to make any findings regarding her other two children – one who was born during the marriage while the Former Husband was incarcerated and the other who was conceived after the parties separated but born prior to the dissolution.  Third, the Former Wife challenges the court's findings, or lack of findings, regarding distribution of assets and alimony.  We address each argument below.

## 1.  Best Interest of the Children

First, the Former Wife argues that the trial court did not make any findings as to the children's best interest.

Section 61.13(3), Florida Statutes (2016), provides that the "[d]etermination of the best interests of the child shall be made by evaluating all of the factors affecting the welfare and interests of the particular minor child and the circumstances of that family."  The statute includes a non-exhaustive list of twenty factors that may be considered.  *Id.*  When making a determination of the best interest of the children, the court need not independently address each of the listed factors, but the court must make a finding that the timesharing schedule is in the best interest of the children.  *Winters v. Brown,* 51 So. 3d 656, 658 (Fla. 4th DCA 2011).

Here, the transcript of the evidentiary hearing shows that the court heard testimony regarding various factors that would prove relevant under the statute.  However, the court never made any findings on the record or in its written order as to the children's best interest in living with the Former Husband.  Therefore, we must reverse.  *See Clark v. Clark,* 825 So. 2d 1016, 1017 (Fla. 1st DCA 2002).

## 2.  The Two Additional Children

Next, the Former Wife argues that the final judgment is deficient because it did not make any findings about her two additional children—one who was born during the marriage and the other who was born during the marriage but during separation.

The Former Husband and Former Wife agree that the first child is not the Former Husband's biological child.  Additionally, there is nothing in

---

[1] As part of this argument, the Former Wife also argues the final judgment was inconsistent with the court's oral rulings regarding timesharing.  We disagree because the final judgment accurately reflected the court's oral pronouncements.

the record to refute the Former Husband's assertions that the second child was conceived after separation but prior to the dissolution. But, the court did not make any findings as to either child.

In *Daniel v. Daniel,* 695 So. 2d 1253, 1254 (Fla. 1997), our supreme court approved a decision which held, in relevant part, that "a husband . . . who is not the natural or adoptive parent of a child, and has not otherwise contracted for the child's care and support, has no duty to pay child support upon the dissolution of the marriage." That holding was based upon the "well-settled rule of law in this state that a person has no legal duty to provide support for a minor child who is neither his natural nor his adopted child and for whose care and support he has not contracted." *Id.* (internal quotation omitted).

Here, the court failed to make any finding regarding these two children. On remand the court must make a finding as to whether or not the Former Husband has a duty to pay support. If the court determines the exception discussed in *Daniel* does not apply, the court must consider support and timesharing for these two children.

*3. Equitable Distribution and Alimony*

In his petition for dissolution, the Former Husband indicated that there were no marital assets or liabilities. However, the Former Wife responded and disputed this assertion, arguing that she deserved an interest in the Former Husband's automotive business. Later, at the evidentiary hearing, the Former Wife again stated that she disputed the assertion by counsel for the Former Husband that there were no marital assets. Notwithstanding her written and oral objections, the court did not make a finding as to whether the automobile business was a marital asset.

Section 61.075(7), Florida Statutes (2016), governs the equitable distribution of marital assets and liabilities. And, in absence of a valid separation agreement or a date within that agreement, the "cutoff date" for determining whether something is a marital asset, is the date of the filing of the petition for dissolution. *Id.* Furthermore, "[a]ll assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets or liabilities are presumed to be marital assets and liabilities." *Id.* § 61.075(8). The presumption is rebutted "by a showing that the assets and liabilities are nonmarital assets and liabilities." *Id.* The court failed to make a finding as to whether the automotive business was a marital asset or, alternatively, that the presumption was rebutted and the asset was nonmarital.

Similarly, the Former Wife argues the court erred when it concluded alimony was not an issue in the case.[2]  In her counter-petition, the Former Wife requested spousal support in the amount of $500.00.  On remand the court shall make a finding regarding alimony.

### *Conclusion*

The court erred by failing to make a written or oral finding regarding: the best interests of the two children agreed to be the biological children of the Former Wife and Husband; the two other children; and equitable distribution of the automotive business and alimony.  Thus, the final judgment is reversed and the case remanded for further proceedings.

*Reversed and remanded.*

GROSS and TAYLOR, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2] Again, the court's conclusion was induced by counsel for the Former Husband who informed the court that there were no assets to be distributed and that alimony was not an issue.