# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0102

_____

MELISSA JEAN THOMAS,

    Appellant,

    v.

HENRITHSON JOSEPH,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

September 18, 2019

BILBREY, J.

Melissa Jean Thomas, the former wife, appeals the amended order on the supplemental petition to modify parenting plan filed by Henrithson Joseph, the former husband. The issue presented on appeal is whether shared parental responsibility and timesharing between the parties as established by a final judgment of dissolution of marriage may thereafter be modified without findings that the modification is in the best interests of the child. Although the former wife is not the child's biological mother, we hold that under the circumstances of this case, the amended order is erroneous on its face, and it must be reversed and remanded for further proceedings.

## Background

In 2008, during the marriage of Ms. Thomas and Mr. Joseph, they adopted I.J. Also during the marriage, Mr. Joseph

purportedly fathered Z.J. Unlike I.J., no record evidence was presented during the dissolution or the modification that Z.J. was adopted by Ms. Thomas. It was established during the dissolution that Z.J.'s biological mother was a relative of Ms. Thomas and that shortly after Z.J.'s birth, the birth mother voluntarily gave Z.J. to Ms. Thomas and Mr. Joseph to raise as their own. Z.J.'s birth certificate listed no father but listed the child's surname as "Joseph."

The marriage of Ms. Thomas and Mr. Joseph was dissolved by the final judgment of dissolution entered December 26, 2012. In the final judgment, the trial court found that the parties agreed that Z.J. "is the biological child of the Husband, but is not the biological child of the Wife." The court recognized the parties' agreement "that the children should remain together and that the parties will have shared parental responsibility [of both I.J. and Z.J.], with the Wife having majority timesharing with both children and the Husband having timesharing with them every other weekend."

The court provided Mr. Joseph "timesharing with the children every other weekend" and as the parties agreed for holidays. The final judgment specified how exchanges of the children would take place and provided that more specific orders regarding timesharing could be sought by either party.[1] Finally, the court ordered that "[t]he parties may modify as they mutually agree" but if they could not agree, "the timesharing arrangement ordered herein shall control." No appeal was taken from the final judgment of dissolution of marriage.

In May 2018, Mr. Joseph filed his supplemental petition to modify parental responsibility. He alleged certain changes in circumstances since the entry of the final judgment of dissolution, including his superior ability to provide a stable and comfortable home for the children and his concern about the living conditions and care Ms. Thomas provided. Based on these allegations of

---

[1] The final judgment also denied any authority over the children for an unrelated third party, Mr. Joseph's girlfriend. This person was not a party to the dissolution action, the modification proceeding, or this appeal.

2

changed circumstances, Mr. Joseph sought sole parental authority and timesharing of Z.J., and at least equal timesharing with I.J.

In her response, Ms. Thomas denied Mr. Joseph's allegations and specifically denied that she failed to properly care for the children. In that response Ms. Thomas also "affirmatively asserts that the Former Husband is not the biological father of the minor child [Z.J.]."[2]

The court heard Mr. Joseph's supplemental petition to modify in October 2018. The hearing was not transcribed, but a stipulation of the evidence was prepared and approved for this appeal. *See* Fla. R. App. P. 9.200(b)(5). The approved stipulated evidence included Z.J.'s date of birth; that his "biological mother" was related to Ms. Thomas "in some way" but was now deceased; that Z.J.'s birth certificate lists his surname as "Joseph;" and that Z.J. lived with Ms. Thomas and Mr. Joseph beginning shortly after the birth in 2008, and resided primarily with Ms. Thomas after the final judgment of dissolution was entered in 2012. The stipulated testimony included Mr. Joseph's acknowledgment that he had denied he was Z.J.'s biological father in two court filings subsequent to the final judgment (in child support proceedings) and that he is not actually Z.J.'s biological father. However, he "accepts the determination that he is the biological father."

In its amended order on the supplemental petition to modify the parenting plan, the trial court found "an unforeseen substantial change in circumstances has been shown" but did not elaborate. *See* § 61.13(2)(c), Fla. Stat. (2018). The court also found that the final judgment "clearly shows" that Ms. Thomas is not a "parent" of Z.J. and, while there was no DNA evidence of parenthood, "no one other than [Mr. Joseph] has established any legal/court-ordered right to the child." The court ordered that Mr. Joseph was Z.J.'s "only living legal parent" and thus "may exercise all parental authority regarding [Z.J.], including where he resides and with whom." Accordingly, the amended order eliminated any parental status, parental responsibility, and timesharing for Ms.

---

[2] Prior to the hearing on Mr. Joseph's supplemental petition to modify, Ms. Thomas filed a motion for paternity testing. The motion was never addressed by the trial court.

Thomas which had previously been established in the final judgment of dissolution of marriage. The court did not find or set out in its amended order any determination that it was in the child's best interests to modify the parental responsibility and timesharing provisions in this manner six years after entry of the final judgment.[3] *See* § 61.13(3), Fla. Stat. (2018).

Ms. Thomas filed a timely motion for rehearing on grounds that the court had failed to acknowledge her court-ordered shared parental responsibility and majority parenting time with both children, as provided in the final judgment of dissolution. She also asserted that the court failed to apply the presumption of legitimacy for children born during a marriage. Finally, she argued that the trial court failed to determine and make findings that modification was in the best interests of Z.J. *See* § 61.13(2)(c), Fla. Stat. Rehearing was denied and this appeal followed.

## Analysis

Ms. Thomas claims that the trial court failed to recognize her parental status under the final judgment of dissolution and modified the terms of the final judgment without a determination that the modification is in the best interests of the child. She also argues that she was deprived of equal protection of law when the court, on modification, did not apply the presumption that would apply if Z.J. had been her biological child born during the marriage. *See Department of Health & Rehab. Services v. Privette*, 617 So. 2d 305 (Fla. 1993) (holding if a child is born during a marriage, the law presumes that the husband of the wife and mother is the child's father). Because we are compelled to reverse on the first issue, we need not address the constitutional issue.[4]

---

[3] In fact, the amended order expressed concern that Z.J. and I.J. would not reside together and stated that the children remaining together would be in their best interest.

[4] We do note that "paternity and legitimacy are related, but nevertheless separate and distinct concepts." *Daniel v. Daniel*, 695 So. 2d 1253, 1254 (Fla. 1997).

"Generally, the failure to provide a transcript or a proper substitute precludes consideration of the merits of a challenge to a circuit court's decision to modify" parenting responsibilities. *Kilgore v. Kilgore*, 729 So. 2d 402, 405 (Fla. 1st DCA 1998). "However, even in the absence of a transcript, an appellate court can reverse in those instances when the trial court makes an error of law on the face of the judgment." *Smith v. Wallace*, 249 So. 3d 670, 671 (Fla. 2d DCA 2017).

The face of the amended order on the supplemental petition to modify does state the court's finding that "an unforeseen substantial change in circumstances has been shown," and the absence of a transcript precludes appellate review of this finding of fact. However, the amended order contains no mention of Z.J.'s welfare, best interests, and circumstances of the family. No reference to section 61.13 or the statutory factors listed in section 61.13(3)(a) – (t) appears in the order. Ms. Thomas' motion for rehearing asserted that the final judgment of dissolution was never appealed or otherwise set aside, that it established her "rights as a parent," that it established her majority timesharing, and that the court had failed to analyze whether modification served the best interests of Z.J. Accordingly, the issue on appeal was preserved. *See Owens v. Owens*, 973 So. 2d 1169 (Fla. 1st DCA 2007) (affirming where appellate challenge to adequacy of trial court's findings in final judgment not preserved by motion for rehearing below).

The trial court's findings in its amended order — that no person other than Mr. Joseph had any "legal/court-ordered" rights regarding Z.J. and that the final judgment of dissolution "clearly shows that [Ms. Thomas] is not the parent" of Z.J. — are in direct conflict with the terms of the final judgment. The final judgment established that Mr. Joseph and Ms. Thomas "shall have shared parental responsibility for the minor children" and Ms. Thomas had "majority timesharing with the children."

By using these terms in the final judgment, Ms. Thomas was established as a parent for the purpose of the final judgment. *See* § 61.046(17), Fla. Stat. (2012) (defining "shared parental responsibility" to mean "a court-ordered relationship in which both parents retain full parental rights and responsibilities with

5

respect to their child and in which both parents confer with each other so that major decisions affecting the welfare of the child will be determined jointly"); § 61.046(17) (defining "time-sharing schedule" as the time "that a minor child will spend with each parent"). There are various ways non-parents can have "custody" of a child. *See, e.g.,* § 39.402, Fla. Stat. (2019) (allowing a child believed to be dependent to be sheltered in the custody of a non-parent); § 751.05, Fla. Stat. (2019) (allowing a non-parent to be awarded temporary custody of child). But under its statutory definition, only a parent can have "shared parental responsibility" or "time sharing" as the final judgment granted Ms. Thomas with Z.J.[5]

It may well have been error for the final judgment, in effectuating the agreement of the parties, to deem Ms. Thomas a parent of Z.J. But the final judgment was never appealed and there is no indication in the record that any party ever challenged its validity until Mr. Joseph's petition for modification was filed five and a half years later. As stated in *Wade v. Hirschman*, 903 So. 2d 928, 932-33 (Fla. 2005), "After the trial court enters the original final judgment decree, it is res judicata of the facts and circumstances at the time the judgment became final." Even a potentially erroneous judgment is entitled to res judicata effect. *See Fahey v. Fahey*, 213 So. 3d 999 (Fla. 1st DCA 2016).

Ms. Thomas correctly relies on the final judgment of dissolution as the status quo for these parties' parental responsibilities and timesharing with Z.J. until properly modified. Because it is res judicata of the rights and obligations of the parties as of the time it became final, the final judgment is equally effective to establish Mr. Joseph's status as Z.J.'s father and Ms. Thomas' parental status with shared parental responsibility and majority timesharing. Any modification of the parental responsibilities and time-sharing schedule in the judgment of dissolution must comply with the requirements of section 61.13(3), Florida Statutes (2018).

---

[5] As between parents, consideration of "custody" was eliminated from Florida statutes in 2008. *See* Ch. 2008-61, Laws of Florida.

Because the order on appeal disregarded the res judicata effect of the final judgment and modified the parental responsibilities and parenting plan/timesharing established in the final judgment without any findings on the factors set out in section 61.13(3)(a) – (t), the order must be reversed and remanded for further proceedings. *See D.M.J. v. A.J.T.*, 190 So. 3d 1129 (Fla. 2d DCA 2016); *Holland v. Holland*, 140 So. 3d 1155 (Fla. 1st DCA 2014). On remand, we note the "discretion afforded to trial courts in modification is narrower than in initial time-sharing determinations." *Ness v. Martinez*, 249 So. 3d 754, 757 (Fla. 1st DCA 2018).

REVERSED and REMANDED.

ROBERTS and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jeffrey A. Conner of Three Rivers Legal Services, Inc., Lake City, for Appellant.

R. Pierce Kelley, Jr., Fort White, for Appellee.